**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.05-cv-02429-REB-BNB

VERNON RAUCH, an individual, and
RAUCH MANUFACTURING, INC., an Idaho corporation,

     Plaintiffs,

v.

JOHN P. SUTPHIN, JR., an individual, and
SUTPHIN ELECTRIC MOTORS, CORP., a Colorado corporation,

     Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS**

---

**Blackburn, J.**

     The matter before me is **Defendants' Motion For Attorney Fees and Costs**

[#81], filed January 5, 2007.  I deny the motion.

     Defendants seek an award of attorney  fees and costs against plaintiff as a

sanction under Fed.R.Civ.P. 11.  However, defendants frankly acknowledge that they

have failed to comply with the "safe harbor" requirements of Rule 11(c)(1)(A), which

provide that a motion for Rule 11 sanctions "shall not be filed with or presented to the

court unless, within 21 days after service of the motion . . ., the challenged paper, claim,

defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

This provision is intended to

> protect[ ] litigants from sanctions whenever possible in order
> to mitigate Rule 11's chilling effects, formaliz[e] procedural
> due process considerations such as notice for the protection
> of the party accused of sanctionable behavior, and
> encourag[e] the withdrawal of papers that violate the rule
> without involving the district court.

5A C. WRIGHT & A. MILLER, *Federal Practice and Procedure* § 1337.2 at 722 (3rd ed.

2004).  Thus, a failure to comply with the safe harbor provision should result "in the

rejection of the motion for sanctions."  *Id.* § 1337.2 at 723.[1]

Contrary to defendants' arguments, there is no "substantial compliance"

exception to the safe harbor requirement in this circuit.  The Tenth Circuit has

specifically rejected such a reading of Rule 11 and held that "warning letters" between

counsel during the prosecution of the underlying action are insufficient to satisfy a Rule

11 movant's obligations to afford its opponent an opportunity to withdraw an allegedly

offending paper or contention.  *Roth v. Green*, 466 F.3d 1179, 1192-93 (10th Cir. 2006);

*see also* Fed.R.Civ.P. 11, Advisory Committee Notes (1993 Amendments) ("To stress

the seriousness of a motion for sanctions and to define precisely the conduct claimed to

violate the rule, the revision provides that the "safe harbor" period begins to run only

upon service of the motion.").[2]

**THEREFORE IT IS ORDERED** that **Defendants' Motion For Attorney Fees

and Costs** [#81], filed January 5, 2007, is **DENIED**.

---

[1]  In their reply defendants suggest that plaintiff's allegedly sanctionable behavior is sanctionable also pursuant to 28 U.S.C. § 1927 and this court's inherent powers.  I do not consider such belatedly raised and inadequately briefed arguments.  *Liebau v. Columbia Casualty Co.*, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001).

[2]  Even if defendants had complied with the safe harbor provisions, I would still deny their motion because it was filed after I entered an order enforcing the parties' settlement agreement, essentially dismissing the claims herein.  *See Roth*, 466 F.3d at 1193 ("[S]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.") (citation and internal quotation marks omitted).

Dated April 3, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**